UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NOLMAN ANTONIO BARRERA SOLANO,   Case No.: 09-22847-CIV-
                                 ALTONAGA/BROWN
Plaintiff. And all others similarly situated
under 29 U.S.C. 216(B),

vs.

A NAVAS PARTY PRODUCTION, INC.
JOSE E. NAVARRETE
FRANCISCO A. NAVARRETE

       Defendants
_____/

## RESPONSE IN OPPOSITION TO DEFENDANTS MOTION IN LIMINE

Comes Now Plaintiff, by and through undersigned counsel and hereby files his response in Opposition to Defendants Motion in Limine and in support thereof states as follows:

1. Plaintiff filed a claim for failure to pay minimum wages and overtime wages against the Defendants. (DE 1).

2. Defendants filed an Answer to the Complaint stating "Defendants admit that the FLSA applies to them" (paragraph 6 of the Answer) and "Defendants admit that their business is subject to the FLSA" (paragraph 9 of the Answer).

3. On December 17, 2009, Plaintiff produced initial disclosures to the Defendant based on the information readily available to the Plaintiff at the time of drafting. Plaintiff listed Plaintiff Holman Antonio Barrera Solano, Defendant Jose E. Navarrete, Defendant Francisco A. Navarrete, Jose Duarte, Modesto Duarte, David Rios, and Elizabeth Cano.

4. On February 16, 2010, Plaintiff took Defendants Jose Navarette and Francisco Navarette's depositions where Defendants first revealed A-1 Tent and Structures, Inc ("A-1 Tent") as a materials supplier.

5. The discovery deadline in this case was April 9, 2010. (DE 14)

6. On April 27, 2010, Defendants filed a Motion for Summary Judgment raising the issue of Court's Subject Matter Jurisdiction. (DE 27).

7. On June 24, 2010, Plaintiff sent his witness list to the Defendant, and filed the witness list on June 25, 2010. (DE 47). Plaintiff's witness list included Plaintiff Holman Antonio Barrera Solano, Defendant Jose E. Navarrete, Defendant Francisco A. Navarrete, Jose Duarte, Modesto Duarte, David Rios, Elizabeth Cano, and A-1 Tent which was not included in Plaintiff's initial disclosures.

## MEMORANDUM OF LAW

### I. PLAINTIFF DID NOT HAVE KNOWLEDGE OF DEFENDANTS' SUPPLIER DURING INITIAL DISCLOSURES, AND THERE IS NO PREJUDICE TO THE DEFENDANTS IN ALLOWING PLAINTIFF'S WITNESS TO TESTIFY

Defendants' *ad damnum* clause for their Motion in Limine seeks to strike Plaintiff's entire witness list, and in the alternative, strike the corporate representative for the tent supplier. Defendants' request to strike Plaintiff's entire witness list is unsupported since there is no dispute that all other witnesses except for A-1 Tent were included in Plaintiff's initial disclosures. Additionally, Defendants have only set forth arguments in its Motion in Limine regarding A-1 Tent. Defendants have failed to address how listing the remaining witnesses have unfairly prejudiced them.

Defendants further move to strike the testimony of A-1 Tent. The standard of striking a witness beyond the discovery deadline is prejudice. *Hewitt v. Quest Diagnostics, Inc.*, 2008 U.S. Dist. LEXIS 107029 (S.D. Fla. Dec. 22, 2008). In *Hewitt*, the Court found "under Rule 37 of the Federal Rules of Civil Procedure, the Court must look to potential prejudice of striking a witness, even one disclosed after the discovery deadline." *Id.* "[W]hen reviewing a Court's decision to

exclude the testimony of an untimely disclosed witness, the Eleventh Circuit Court of Appeals has examined: (1) the importance of the testimony, (2) the reason for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify. Id. at 1353[1]." *Debose v. Broward Health*, 2009 U.S. Dist. LEXIS 45546 (S.D. Fla. May 20, 2009).

The purpose for calling A-1 Tent is clear to the Defendants from the context of the Defendants deposition, A-1 Tent is intended to provide testimony regarding interstate commerce. The importance of the testimony in the present case will depend on the Court's ruling on Defendant's Motion for Summary Judgment raising the issue for FLSA coverage as a defense. Should the Court reserve ruling on FLSA coverage it will become necessary to provide testimony from Defendants' suppliers at trial. Plaintiff did not disclose the witness on Plaintiff's initial disclosures because the Plaintiff was unaware at the onset of the case who was the Defendants suppliers. Defendants cannot argue in good faith they have been prejudiced by inclusion of the witness as they are in the best position to know Defendants suppliers, or at worst became aware of the supplier at Defendants' deposition, at the same time the Plaintiffs.

Defendants further can not argue prejudice as they have admitted twice in the Answer that Defendants were a covered entity for which the FLSA applies to, Defendants first stated in their answer that "Defendants admit that the FLSA applies to them" (paragraph 6 of the Answer) and second "Defendants admit that their business is subject to the FLSA" (paragraph 9 of the Answer). The general rule is that a party is bound by the admissions in his pleadings." Galdames v. N & D Inv. Corp., 2010 U.S. Dist. LEXIS 43022 (S.D. Fla. Mar. 29, 2010) *citing* Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1177-78 (11th Cir. 2009). Defense Counsel are well

---

[1] *Bearint v. Dorell Juvenile Group, Inc.,* 389 F.3d 1339 (11th Cir. 2004).

aware of the *Galdemes* decision as they represented the Defendants in *Galdemes*, as they do in this case. Defendants in *Galdemes* admitted in the Answer the corporation had annual gross sales in excess of $500,000 then attempted to negate the admission with conflicting testimony by the individual Defendant. *Id.* The Court found Defendants could not negate a prior admission in the Answer as it was binding. *Id.* Similarly, Defendants in this case have attempted to negate a prior admission as to FLSA coverage in the Answer. Defendants' argument that they have been "ambushed" by the inclusion is unavailing as the Defendants' have created the very ambush they wish to pervade by failing to timely disclose their defenses.

The requirement of initial disclosures is limited to information aware to the disclosing party. *Lawson v. Plantation Gen. Hosp., L.P.*, 2009 U.S. Dist. LEXIS 81753 (S.D. Fla. Aug. 25, 2009). Additionally, the Court in *Lawson* found:

> "Rule 26(e) did not require Defendant to provide the documents as a supplement because both parties became aware of the documents at the same time -- during the deposition of Ms. Izquierdo. Indeed, Defendant did not have a duty to provide the documents as a supplement to its initial disclosures because the additional information had "otherwise been made known to the other part[y] during the discovery process." *Id.*

Likewise, under Federal Rule of Civil Procedure 26(a) the requirement to supplement initial disclosures is only necessary when:

> "a party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, **and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.**" Federal Rule of Civil Procedure 26(e)(1) (emphasis added).

Assuming, *arguendo*, Defendants were unaware of the identity of A-1 Tents prior to Defendants' depositions, there would still be no need to serve supplemental initial disclosures as the parties became aware of A-1 during Defendants' deposition.

In *Kautsch v. Premier Communs.*, 2008 U.S. Dist. LEXIS 14327 (W.D. Mo. Feb. 26, 2008), Defendants withheld a Department of Labor investigation report from the Plaintiffs which found the Defendants did not violate overtime and minimum wage laws. *Kautsch* found the failure to disclose the report was harmless as the Plaintiffs had been in possession of the letter for several months. *Id.* Similarly, in the case at bar, Defendants will not be prejudice by inclusion of the witness as they have been in the best position to know the Defendants' suppliers, Defendant testified to the supplier. Even if Defense Counsel could argue in good faith they did not have knowledge of the Defendants' supplier, they surely became aware at Defendants' deposition and had an opportunity to conduct any necessary follow-up discovery prior to the deadline.

Defendants rely on *Hancock v. Hobbs*, 967 F.2d 462 (11th Cir. 1992), *Alimenta (U.S.A.), Inc. v. Anheuser-Busch Cos.,* 803 F.2d 1160 (11th Cir. 1986), *Finley v. Marathon Oil Co.,* 75 F.3d 1114 (7th Cir. 1999), *Jones v. Lincoln Elec. Co.*, 188 F. 3d 709 (7th Circuit 1999) in support of exclusion of a witness proffered by a party that did not make a previous disclosures. These four cases cited by Defendants all share the common theme of late disclosure of an *expert* witness by the proffering party. Clearly, an expert witness would have been known by the proffering party well in advance of the discovery deadline. This is not so for the present case where the proffering party did not know of the witness until Defendants' deposition, there has been no active concealment of the witness as the Plaintiff, and was without knowledge of the supply chain of the Defendants.

Defendants rely on *Wilson v. AM Gen. Corp*., 167 F.3d 1114 (7th Cir. Ind. 1999), an age discrimination case whereby Defendants failed to list two witnesses in Defendants initial disclosures, Defendants supplemental initial disclosures and Defendants pretrial disclosures/stipulation. *Id* at 1122. The withheld witnesses in *Wilson* were the basis for the

defense that Plaintiff was discharged with a nondiscriminatory reason. *Id.* Similarly, Defendants rely on *Chalal v. Northwest Med. Center, Inc.*, 147 F. Supp. 2d 1160 (N.D. Ala. 2000), an action for intentional interference with contract and defamation where the Plaintiff failed to disclose witnesses which either interfered or heard the defamatory statements. In both *Wilson* and *Chalal*, the proferring party was unaware of the identity of the witness prior to filing the action. However, *Wilson* and *Chalal* are dissimilar to this case since the Plaintiff was aware that some entity must have provided materials to the Defendant but not specifically A-1 Tents.

There has been no "prejudicial surprise" or "trial by ambush" as has been presented by the Court. On the contrary, Plaintiff has been ambushed by the Defendants late disclosure of the defense of FLSA Coverage. A full and frank disclosure requires the Defendants to raise the defense in their Answer with specificity and permit the Plaintiff to conduct a proper investigation into the issues raised. Accordingly, Defendants' Motion in Limine should be denied and a corporate representative of A-1 Tent and Structures, Inc should be permitted to testify at trial.

## II. A-1 TENT HAS BEEN IDENTIFIED AS A WITNESS FOR THE DEFENDANTS AND PLAINTIFF HAS RESERVED RIGHT TO CALL DEFENDANTS' WITNESSES

Defendants' witness list includes "any and all persons or entities named in any depositions." (DE 47). Defendants have inadvertently included A-1 Tent as a potential witness they may call at trial as A-1 was mentioned during Defendants' depositions. Plaintiff's witness list reserves the right to call any witness listed by the Defendants (Defendants have similarly reserved their right). Consequently, Plaintiff is entitled to call A-1 Tent through its reservation of right to call any witness listed on Defendants' witness list.

WHEREFORE, Plaintiff requests that this Court deny Defendants Motion in Limine in its entirety.

**Respectfully submitted,**

| | |
|---|---|
| Isaac Mamane, Esq. | J.H. Zidell P.A. |
| FL Bar No. 0044561 | 300 71st Street, #605 |
| Mamane@gmail.com | Miami Beach, FL 33141 |
| Phone: 305-865-6766 | Fax: 305-865-7167 |

*/S ISAAC MAMANE*
Isaac Mamane, Esq.

### CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was sent via CM/ECF on this 2nd day of July, 2010 to:

Chris Kleppin, Esq., at Glasser Boreth & Kleppin, 8751 West Broward Boulevard, Suite 105, Plantation, Florida 33324 fax: (954) 474-7405, email: glabor@aol.com

*/S ISAAC MAMANE*
Isaac Mamane, Esq.