UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  09-22847-CIV-ALTONAGA

NOLMAN ANTONIO BARRERA
SOLANO,

       Plaintiff,

vs.

A NAVAS PARTY PRODUCTION, INC.,
*et al.*,

       Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants' Motion in Limine to Exclude Previously Undisclosed Witnesses from Plaintiff's Witness List (ECF No. 45), filed June 25, 2010; and Plaintiff's Motion in Limine (ECF No. 55), filed June 29, 2010.  The Court has carefully considered the parties' written submissions and applicable law.

    1.    Defendants' Motion

Defendants seek an order excluding as a witness at trial the corporate representative for Defendants' tent manufacturer, A-1 Tent, on the basis that Plaintiff failed to disclose Defendants' tent manufacturer in his Rule 26 disclosures.  *See* FED. R. CIV. P. 26(a)(1)(A)(I).  Initial disclosures are made "based on the information then reasonably available to" the party.  FED. R. CIV. P. 26(a)(1)(E).  Plaintiff concedes he did not disclose the name or substance of the information known to Defendants' tent manufacturer because Plaintiff did not find out the information until Defendants' depositions were taken on February 16, 2010, and he included A-1 Tent in his witness list submitted to Defendants on June 24, 2010.  Plaintiff maintains he did not supplement his initial disclosures

Case No. 09-22847-Altonaga/Brown

under Rule 26 until he included A-1 Tent in his witness list, because it was only after Defendants

filed their April 27, 2010 Motion for Summary Judgment (ECF No. 27) challenging the Court's

subject matter jurisdiction that Plaintiff became aware he would need testimony regarding interstate

coverage under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Moreover, Plaintiff maintains

Defendants cannot be heard to complain as their witness list (ECF No. 47-4, ¶ 8), includes "[a]ny

and all persons or entities named in any depositions," and Plaintiff's witness list includes "[a]ny

witnesses on Defendants' witness list" (ECF No. 47-2, ¶ 9).

The Court does not find on this record that Plaintiff violated Rule 26 in his initial disclosures.

Defendants have not shown that Plaintiff knew the identity of Defendants' tent manufacturer at the

time Plaintiff's initial disclosures were exchanged but failed to properly disclose it. Moreover, given

Defendants' own intention to call as witnesses at trial any persons or entities named in depositions,

Defendants' request to preclude their tent manufacturer from testifying at trial concerning interstate

commerce fails to persuade.

2.    Plaintiff's Motion

Plaintiff asks that Defendants be precluded from presenting at trial any argument or evidence

(a) concerning attorney's fees, costs and liquidated damages; (b) referencing Plaintiff's failure to pay

federal income taxes; or (c) revealing that Plaintiff is in the country as an illegal alien. Concerning

the first category, Defendants concede they will not introduce any evidence concerning liquidated

damages. However, Defendants wish the Court to instruct the jury it is not to consider attorney's

fees or court costs in determining Plaintiff's damages. It thus appears the parties did not properly

confer regarding this issue raised in Plaintiff's Motion in Limine. Defendants do not intend to

introduce as evidence any matters regarding fees, costs or liquidated damages. And the Court will

2

Case No. 09-22847-Altonaga/Brown

not rule on proposed jury instructions under the guise of a ruling on a motion in limine.

As to Plaintiff's failure to pay federal income taxes, it is unclear from the briefing if Plaintiff paid federal income taxes but under-reported his income, or whether he did not pay any federal income taxes at all.  If he did file false tax returns, such information is probative of Plaintiff's truthfulness and is therefore admissible.  *See United States v. Sullivan*, 803 F.2d 87, 90-91 (3d Cir. 1986).  If Plaintiff never paid taxes, that too, may be probative of his truthfulness.  *See Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ( "Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility.");*Mischalski v. Ford Motor Co.*, 935 F. Supp. 203, 208 (E.D.N.Y. 1996) (failure to pay income taxes bears "directly on a plaintiff's propensity for truthfulness and must be admitted for impeachment purposes if plaintiff takes the stand.").

Last, regarding Plaintiff's status as an illegal alien, because of the danger of unfair prejudice in this FLSA case which is expressly permitted under the law of this Circuit, *see Patel v. Quality Inn South*, 846 F.2d 700, 704-05 (11th Cir. 1988), the Court will not allow such evidence to be introduced at trial, *see, e.g., Ponce v. Tim's Time, Inc.*, No. 03 C 6123, 2006 WL 941963, *1 (N.D. Ill. March 16, 2006) (noting "the immigration issue in the employment context has turned out to be such a hot button issue of late").

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion in Limine to Exclude Previously Undisclosed Witnesses from Plaintiff's Witness List **(ECF No. 45)** is **DENIED**.  Plaintiff's Motion in Limine **(ECF No. 55)** is **GRANTED** in part and **DENIED** in part.

Case No.  09-22847-Civ-Altonaga/Brown

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of July, 2010.

_____

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

4